### BRIGGS *a.* MATSELL.

*New York Common Pleas ; Before Hon. D. P. Ingraham, October*, 1855.

#### APPLICATION FOR AN ATTACHMENT.

An attachment will not be granted under the act of February 8, 1855, against a witness subpœnaed to attend and testify before a Committee of the New York Common Council, unless it satisfactorily appears to the judge to whom the application is made)—

    1. That the witness *refused to obey a subpœna* issued by the clerk,—or

    2. That, on appearing, he *refused to be sworn* as a witness,—or

    3. That after being sworn he *refused to answer some question*, which, in the opinion of the judge, was a question proper to be put.

Therefore, where the witness attended pursuant to the subpœna, and submitted to be sworn, and then stated that he declined generally to answer any questions, and *none were put to him* by the committee—an attachment was refused.

The committee of the New York Common Council who applied for an attachment against Mackellar and others, (Briggs *a.* Mackellar, *Ante*, 30), subsequently, in continuing their investigation subpœnaed George W. Matsell to attend and testify before them. The witness appeared, and was sworn, but before any questions were put to him declined to answer any questions that might be proposed. Accordingly, this application was made, for an attachment against him.

*A. Nash* and *W. C. Noyes* for the motion.

*J. D. Burchard* and *J. T. Brady* opposed.

INGRAHAM, F., J.—An application is made to me in this matter for an order requiring G. W. Matsell to show cause why an attachment should not issue against him for refusing to answer any questions which the Committee might think proper to put him. On examining these papers, I am not satisfied that the facts necessary to give me jurisdiction are stated in the papers.

When Matsell appeared before the Committee he did not object to be sworn as a witness, but after being sworn, before any questions were put to him, he handed the Chairman of the Committee a paper, in which he declined to answer any question. However ill advised such a proceeding may have been on his part, still I do not consider that the Committee have placed him within the provisions of the statute so as to authorize this proceeding against him.

The statute gives to the judge of this Court a special power to attach, but which he can only exercise upon satisfactory proof being furnished to him either that the party complained of *refused to obey a subpœna issued by the Clerk*, or, on appearing, *refused to be sworn as a witness*, or, after being sworn, *refused to answer any proper question.* It is as important that the question should be stated, which was put to the witness, as it is to show his refusal to answer. The judge, before allowing the attachment, is to be satisfied that the question put to the witness was a proper one—pertinent to the matter in issue, and one which the witness should be required to answer. The rule is the same when the witness is examined in a court of justice. A witness is not required to answer an immaterial question, nor one which tends to convict him of crime—and before it can be decided that the witness must answer, the Court should know what question was proposed to be answered.

Notwithstanding the general refusal of the witness, I am of opinion that the Committee should have proposed specific questions to the witness pertinent to the matter pending before them. They might have rested after proposing one question, or they might have proposed all the questions they thought to be material, and in either case, after refusal, this proceeding would be proper, but until some question is put to the witness, and he refuses to answer a specified question, I do not think

I have any jurisdiction under the very limited power conferred by the statute in this matter; I think it, therefore, unnecessary to grant an order to show cause on these papers, until the defect above pointed out is remedied.

---

## COBB *a.* LACKEY.

*New York Superior Court, In Chambers, September,* 1855.

PRACTICE UPON MOTIONS.—DEFAULTS.—SPECIAL TERMS AND CHAMBERS.

*Ex parte* orders may be granted by any Justice of the Court, wherever he may be found, within the territorial limits in which he is authorized to do official acts.

Motions upon notice, or orders to show cause, can be moved in *vacation,* in the absence of the adverse party, only before the Justice who sits at Chambers, on the day for which the notice is given, or the order to show cause is returnable. Defaults for not making such motions can be moved before such Justice only. Chambers, during *vacation,* is regularly held in the General Term Room.

During *term time,* motions on notice, and orders to show cause, in the absence of the opposing attorney, or counsel, can be moved only before the Justice who holds the *Special Term.* Motions to discharge such notices or orders to show cause, on account of the default of the party serving them to bring them on, can be made before such Justice only.

When the attorneys or counsel of both parties attend, they may be heard before any Justice of the Court who is disengaged.

But there is but one place where defaults can be taken, on the failure of the attorney serving a notice or order to show cause to bring on his motion, or on the failure of the attorney, on whom it is served, to appear and oppose.

This action was commenced by the service of a summons, which stated that a complaint would be filed, and where. The defendants appeared separately, by different attorneys, who gave notice of retainer, but did not within twenty days after service of the summons, demand in writing a copy of the complaint.

After the twenty days, they demanded a copy of the complaint, and none having been served, they severally obtained an order requiring the plaintiff to show cause on the 13th instant, why the action should not be dismissed, on account of the plaintiff's omission to serve a copy of the complaint on the defendant's attorney. The 13th was in vacation, and Mr. Jus-